IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT WORD; ELIZABETH WORD;
ROBERT D. WORD, III; and
EMILY WORD MOODY,

    Plaintiffs,

vs.                                            CASE NO. 3:06cv303/RS

FIDELITY NATIONAL PROPERTY AND
CASUALTY INSURANCE COMPANY,
a corporation,

    Defendant.
_____/

## ORDER

Before me is Defendant's Motion for Summary Judgment (Doc. 16), which contends that Plaintiffs' claim is barred because Plaintiffs failed to provide a proof of loss, which is a condition precedent to filing suit for damages for breach of a Standard Flood Insurance Policy. Plaintiffs contend that the requirement of providing a proof of loss was waived. Defendant's Motion for Summary Judgment is **granted**.

## Background

Plaintiffs own a dwelling in Destin, Florida, which was damaged by flooding caused by Hurricane Ivan in September 2004. The dwelling was insured by a Standard Flood Insurance Policy issued by Defendant. The Standard Flood Insurance Policy is issued under the National Flood Insurance Program established by the National Flood Insurance Act of 1968, 42 U.S.C. §§ 4001, *et seq*. The National Flood Insurance

Program is underwritten by the Department of Treasury and is administered by the Federal Emergency Management Agency.  The Defendant is a "Write Your Own" program carrier which is authorized to issue Standard Flood Insurance Policies as a fiscal agent of the United States.

The Standard Flood Insurance Policy contains a requirement at Article VII(J)(4), 44 C.F.R. Pt. 61, App. A(1), that the insured must submit a proof of loss within sixty days after a loss:

> "**J.  Requirements in Case of Loss.**
>
> In case of a flood loss to insured property, you must:
>
> .   .   .   .
>
> 4.  Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
>
>   a.  The date and time of loss;
>   b.  A brief explanation of how the loss happened;
>   c.  Your interest (for example, "owner") and the interest, if any, of other in the damaged property;
>   d.  Details of any other insurance that may cover the loss;
>   e.  Changes in title or occupancy of the covered property during the term of the policy;
>   f.  Specifications of damaged buildings and detailed repair estimates;
>   g.  Names of mortgagees or anyone else having a lien, charge, or claim against the insurance property;
>   h.  Details about who occupied any insured building at the time of loss and for what purpose; and
>   i.  The inventory of damaged personal property described in J.3. above."

The Standard Flood Insurance Policy also provides that an insured cannot file suit for coverage under the policy unless the insured has complied with all requirements of the policy:

> "You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. If you do sue, you must start the suit within one year after the date of the written denial of all or part of the claim, and you must file the suit in the United States District Court of the district in which the covered property was located at the time of loss. This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy." SFIP Article VII(R), 44 C.F.R. Pt. 61, App. A(1).

Plaintiffs admit that they did not submit a proof of loss. However, they contend that the Acting Federal Insurance Administrator of FEMA waived the requirement of proof of loss by notice dated September 24, 2004, which is set out in its entirety as follows:

"September 24, 2004

National Flood Insurance Program

**Subject: Waiver of the Proof of Loss Requirement in the Standard Flood Insurance Policy (SFIP)**

Recently, a number of States experienced catastrophic losses as a result of three hurricanes (Charley, Frances, and Ivan) within the span of a few weeks, and a fourth hurricane (Jeanne) is about to make landfall on the Southeast coast. As a result, there is a shortage of qualified adjusters available to adjust the losses resulting from these hurricanes. <u>So, there is an urgent need to expedite claims payments to policyholders</u>.

<u>To expedite claims payments so that policyholders affected by these circumstances are not subject to undue hardship, I am waiving the requirement in VII.J.4 of the SFIP Dwelling and General Property Forms</u>

<u>and VIII.J.4 of the SFIP Residential Condominium Building Association Policy Form for the policyholder to file a proof of loss prior to receiving insurance proceeds.  Instead, payment of the loss will be based on the evaluation of damage in the adjuster's report</u>.  This means the requirement in VII.M.1 and VIII.M.1 that losses will be payable 60 days after the insurer receives the policyholder's proof of loss (or within 90 days after the adjuster files a report signed and sworn to by the policyholder in lieu of a proof of loss will not apply.  Instead, the loss will be payable as soon as practicable after the insurer receives the adjuster's report.  This procedure will allow the insurer to promptly adjust, settle, and pay claims based on the adjuster's report.  Also, under the terms of this waiver, the following sections will not apply: VII.J.7, J.9, and M.2c of the SFIP Dwelling and General Property Forms and VIII.J.7, J.9, and M.2c of the SFIP Residential Condominium Building Association Policy Form.

<u>In the event a policyholder disagrees with the insurer's adjustment, settlement, or payment of the clam, a policyholder may submit to the insurer a proof of loss within one year from the date of the loss.  The proof of loss must meet the requirements of VII.J.4 of the SFIP Dwelling or General Property Form or VIII.J.4 of the SFIP Residential Condominium Building Association Policy Form</u>.  The insurer will then process the policyholder's proof of loss in its normal fashion.  <u>If the insurer rejects the proof of loss in whole or in part, the policyholder may file a lawsuit against the insurer within one year of the date of the written denial</u> of all or part of the claim as provided in VII.R of the SFIP Dwelling or General Property Form or VIII.R of the SFIP Residential Condominium Building Association Policy Form.

<u>For example</u>, a policyholder who suffered a flood loss from Hurricane Charley on August 14, 2004, and disagrees with the insurer's decision based on the adjuster's report, has until August 13, 2005, to file the proof of loss detailing the area(s) of disagreement.  A policyholder who suffered a flood loss from Hurricane Frances on September 7, 2004, has until September 6, 2005 to file the proof of loss detailing the area(s) of disagreement, and <u>those who suffered a flood loss from Hurricane Ivan on September 24 have until September 23, 2005, to file a proof of loss detailing the area(s) of disagreement</u>.

This waiver is pursuant to the provisions dealing with amendments, waivers, and assignments of the SFIP(VII.D. of the SFIP Dwelling and General Property Form and VIII.D. of the SFIP Residential Condominium Building Association Policy Form).  Since the adjuster availability problem

will affect not only the claims from the three hurricanes referred to above, but also any other flood events that may occur while the adjustment of claims from those hurricanes is ongoing, this waiver applies to all claims arising on August 12, 2004, and thereafter until December 31, 2004. (emphasis supplied)

| | |
|---|---|
| 9/24/04<br> Date | David I. Maurstad<br>Acting Federal Insurance Administrator<br>Federal Emergency Management Agency<br>U.S. Department of Homeland Security" |

## Analysis

The determinative issue of this case is whether the Acting Federal Insurance Administrator's September 24, 2004, memorandum was an express waiver of the SFIP requirement that Plaintiffs must file a proof of loss. The provisions of the Standard Flood Insurance Policy can be waived only by the express written consent of the Federal Insurance Administrator. 44 C.F.R. §61.13(d), SFIP Article VII(D). An insured must strictly comply with the requirements of the SFIP, and failure to file a proof of loss bars payment of a claim. *Sanz v. U.S. Security Insurance Co.*, 328 F.3d 1314, 1317-1318. The memorandum of the Insurance Administrator is not, as Plaintiffs argue, a waiver of the SFIP requirement that an insured must file a proof of loss as a condition precedent to filing suit. The purpose of the second paragraph of the Administrator's memorandum was to waive the requirement of a proof of loss in order "to expedite claims payments" if the insured agrees with the adjuster's evaluation. Claims were to "be payable as soon as practicable after the insurer receives the adjuster's report" rather than as long as sixty or ninety days as provided by the SFIP.

The third paragraph of the Administrator's memorandum established the

procedure to be followed if the insured disagreed with the adjuster's evaluation:

> "In the event a policyholder disagrees with the insurer's adjustment, settlement, or payment of the claim, a policyholder **may** submit to the insurer a proof of loss within one year from the date of the loss." (emphasis supplied)

Plaintiffs argue that the use of the word "may" rather than "must" made the filing of a proof of loss permissive or optional. Plaintiffs' interpretation is not plausible, particularly when the memorandum is read in its entirety. The reasonable interpretation is that the use of "may" affords the insured the choice to present a proof of loss for an amount greater than the adjuster's evaluation. Paragraph three also extended the deadline to file a proof of loss from sixty days to one year from the date of loss. The insured has the other, implicit option of accepting the adjuster's evaluation notwithstanding the insured's disagreement with the amount. However, the use of the word "may" appears again in the third paragraph:

> "If the insurer rejects the proof of loss in whole or in part, the policyholder **may** file a lawsuit against the insurer within one year of the date of the written denial of all or part of the claim..." (emphasis supplied)

Again, the insured has a choice to file a lawsuit or to accept the adjuster's valuation. However, the insured must have first submitted a proof of loss, and the insurer must have then rejected it. If Plaintiffs' interpretation of the meaning of "may" is applied, the one year deadline to file suit after denial of a proof of loss would also be permissive, which would result in an indefinite or open-ended time to file suit. Clearly, there can be no reasonable argument that the use of the word "may" was intended to waive the one-year deadline to file suit indefinitely.

The fourth paragraph sets out clear examples of how an insured must present a proof of loss.  Plaintiffs were required to file a proof of loss by September 23, 2005, to preserve their right to sue.  They failed to do so, and their suit is now barred.

Plaintiffs have cited no decisions which have held the Insurance Administrator's memorandum to be a waiver of the SFIP requirement that a proof of loss must be submitted before filing a lawsuit.  To the contrary, two other district judges in the Eleventh Circuit have now held that the Administrator's memorandum was not a waiver and that submission of a proof of loss is a condition precedent to filing a lawsuit.  See *Shuford v. Fidelity Prop. & Cas. Ins. Co.*, C.A. 05-0583-CG-B (S.D. Ala., December 18, 2006) and *Vanderveen v. Allstate Insurance Company*, 3:05cv469-WS (N.D. Fla., January 29, 2007).

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment (Doc. 16) is **granted**.
2. The clerk is directed to enter judgment for Defendant Fidelity National Property and Casualty Insurance Company.
3. The clerk shall assess Defendant's costs against Plaintiffs.

ORDERED on February 9, 2007.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**